**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3876
_____

SHALEA OLIVER,
Appellant

v.

SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 668; TERESA D.
MILLER, Secretary, Pennsylvania Department of Human Services; MICHAEL
NEWSOM, Secretary of Pennsylvania Office of Administration; JOSH SHAPIRO,
Attorney General of Pennsylvania; JAMES M. DARBY, Chairman, Pennsylvania Labor
Relations Board; ALBERT MEZZAROBA, Member, Pennsylvania Labor Relations
Board; ROBERT H. SHOOP, JR., Member, Pennsylvania Labor Relations Board, in their
official capacities

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-19-cv-00891
District Judge: The Honorable Gerald A. McHugh

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 21, 2020

Before: SMITH, *Chief Judge*, McKEE, and JORDAN, *Circuit Judges*

(Filed: October 7, 2020)
_____

OPINION*
_____

SMITH, *Chief Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Shalea Oliver had the choice either to become a member of the Service Employees International Union Local 668 ("the Union")—the exclusive collective bargaining representative for her unit—by paying monthly union dues or to decline membership yet pay "fair-share" or "agency" fees. Oliver chose to become a union member.

Because Oliver chose to join the Union when she was not compelled to do so, her membership was voluntary; thus, she is not entitled to a refund of membership dues. Because a state is permitted by statute and case law to grant a labor union exclusive representation rights, and Oliver need not associate with that union, we conclude that Oliver's free speech and free association rights were not violated. Since the District Court came to these same conclusions in granting summary judgment to the defendants, we will affirm.

## I.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291.

Review of an order granting summary judgment is plenary: "we apply the same standards that the District Court applied in determining whether summary judgment was appropriate." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010). Thus, viewing the evidence in the light most favorable to Oliver, summary judgment is proper if there is no genuine issue as to any material fact such that the defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

## II.

2

In 2014, the Commonwealth of Pennsylvania hired Oliver as an Income Maintenance Caseworker. At the time, the Union was designated as the exclusive representative of the bargaining unit that included Income Maintenance Caseworkers. Oliver was given two options: join the Union and have monthly dues automatically deducted from her paycheck or decline to join the Union and pay "fair-share" fees amounting to 56.1% of union dues. The Pennsylvania Public Employees Relations Act ("PERA") and the Supreme Court's holding in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), permitted the Union to collect these fair-share fees from nonmembers to prevent "free-riding," as the Union was required to advocate on behalf of all employees in the bargaining unit, including nonmembers. *Id.* at 221–22. Oliver chose to join the Union, and union dues were therefore automatically deducted from her paycheck for the next four years.

On June 27, 2018, the Supreme Court held that requiring public employees to subsidize a union they chose not to join violated their free speech and free association rights. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). On August 10, 2018, Oliver sent a letter to the Union requesting to withdraw her membership and withdrawing her prior authorization for automatic payroll deductions of union dues. The Union acknowledged receipt of Oliver's letter and sent Oliver two checks equal to the dues withheld from Oliver's paycheck after she had sent the letter asking to withdraw.

Oliver filed a complaint on February 28, 2019 against the Union and officials of the Commonwealth[1] seeking declaratory relief and damages equal to the total amount of union dues deducted from her paycheck since she first joined the Union in 2014. Oliver asserted that her choice to join the Union was illusory because she was never given the option of paying the Union nothing. In addition, Oliver asserted that by recognizing the Union as the exclusive representative for her bargaining unit, the Commonwealth violated her free speech and free association rights. On November 12, 2019, the District Court granted summary judgment in favor of the Union and the Commonwealth defendants. *Oliver v. SEIU Local 668*, 415 F. Supp. 3d 602, 613 (E.D. Pa. 2019). Oliver timely appealed.

### III.

Oliver's first claim is that she is entitled to a refund of all dues paid to the Union because she did not affirmatively consent to making the payments.[2] We disagree.

The First Amendment protects the freedoms of speech and assembly. U.S. Const. amend. I. In *Janus*, the Supreme Court held that "extract[ing] agency fees from nonconsenting employees . . . . violates the First Amendment and cannot continue." 138 S. Ct. at 2486. "Neither an agency fee nor any other payment to the union may be

---

[1] The Commonwealth defendants include the Pennsylvania Attorney General and members of the Pennsylvania Department of Human Services, Office of Administration, and Labor Relations Board, in their official capacities.
[2] Because the Union has already refunded dues deducted from Oliver's paycheck after she withdrew her union membership, we are concerned here only with the dues Oliver paid to the Union prior to her withdrawal.

deducted from a *nonmember's* wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Id.* (emphasis added). Nonmembers cannot be assumed to have waived their First Amendment rights unless a waiver is "freely given and shown by 'clear and compelling' evidence." *Id.* (quoting *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 145 (1967)).

Oliver claims there is no clear and compelling evidence that she voluntarily waived her First Amendment right not to support the Union "because, at the time she signed the union dues authorization, she was forced into an unconstitutional choice between paying Local 668 as a member or paying it as a non-member." Oliver Br. 13. But Oliver mischaracterizes her choice.[3] Oliver was faced with a constitutional choice— whether or not to join the Union—and she chose to become a member.

*Janus* protects nonmembers from being compelled to support the Union. Oliver ignores the glaring reality that she was not a nonmember. When Oliver first became employed by the Commonwealth, she clicked a button on an internet form which said, "Join," "I hereby wish to apply for Union membership," and "I hereby apply for membership in the Union. I further request and authorize the Commonwealth of Pennsylvania to deduct from my earnings an amount sufficient to provide for the regular

---

[3] Oliver denies that signing the union membership card was "affirmative consent to waive her right to pay no money to the Union." Reply Br. 5. But by signing the union membership card, Oliver was exercising her free association right to join the Union, effectively waiving her right not to support the Union. She cannot simultaneously choose to both join the Union and not pay union dues.

5

payment of the current rate of union dues." Ex. A, App. 55. It is difficult to imagine language that would be more clear and compelling as evidence of consent to join the Union and also pay union dues. And for four years thereafter, Oliver never disputed the union membership dues that were deducted from her paycheck. Oliver may now regret her prior decision to join the Union, but that does not render her knowing and voluntary choice to join nonconsensual. While Oliver was "unaware that she was entitled to pay nothing at all [by not joining the Union]," she was well aware that she was entitled to decline Union membership. Oliver Br. 12. Indeed, there was an economic incentive to decline membership if she did not want to be associated with the Union–agency fees were nearly half the cost of membership dues. While Oliver has a constitutionally protected right not to subsidize a union she did not join, she does not have a right to join a union for free.

In *Diamond v. Pennsylvania State Education Association*, 972 F.3d 262 (3d Cir. 2020), this Court heard an appeal from nonmembers of a union seeking return of fair-share fees they were required to pay prior to the ruling in *Janus*. *Id.* at 265. There, the District Court granted a motion to dismiss, holding that the union was entitled to a good faith defense to § 1983 liability because it relied on a state statute (PERA) and federal caselaw (*Abood*), in collecting the agency fees. *Id.* at 268. Judge Rendell's opinion for the Court concluded that "the good faith defense is available to a private-party defendant in a § 1983 case if, after considering the defendant's 'subjective state of mind,' the court finds no 'malice' and no 'evidence that [the defendant] either knew or should have known of

6

the statute's constitutional infirmity.'" *Id.* at 271 (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1276–77 (3d Cir. 1994)). Judge Rendell further concluded that "principles of equality and fairness" foreclose § 1983 liability when the union adhered to the governing law of the state. *Id.* (quoting *Wyatt v. Cole*, 504 U.S. 158, 168 (1992)). In a concurring opinion, Judge Fisher relied on the history of § 1983, stating that "in 1871, . . . . [c]ourts consistently held that judicial decisions invalidating a statute or overruling a prior decision did not generate retroactive civil liability with regard to financial transactions or agreements conducted, without duress or fraud, in reliance on the invalidated statute or overruled decision." *Id.* at 274. Accordingly, Judge Fisher likewise concluded that the union had no retroactive civil liability. *See id.* at 285.

Oliver's appeal fails under *Diamond*. As in *Diamond*, the Union here relied on PERA and *Abood* to determine, in good faith, that it could lawfully collect fair-share fees from nonmembers. The Union had no way of knowing the law it relied upon was unconstitutional; state legislators had drafted the law, and the Supreme Court had upheld a similar law in *Abood*. Certainly, the *Diamond* non-union plaintiffs made an even better case for a refund of their fair-share fees than does Oliver, as a union member, for return of membership dues.

By choosing to become a Union member, Oliver affirmatively consented to paying union dues. Accordingly, the District Court correctly determined Oliver was not entitled to a refund.

**IV.**

Oliver's second claim is that the Union's exclusive representation of her interests—even though she is no longer a member—violates her First Amendment rights to free speech and freedom of association. We disagree.

"It is also not disputed that the State may require that a union serve as exclusive bargaining agent for its employees . . . . We simply draw the line at allowing the government to go further still and require all employees to support the union irrespective of whether they share its views." *Janus*, 138 S. Ct. at 2478. *Janus* acknowledged the state practice of choosing an exclusive bargaining representative, yet concluded that "states can keep their labor-relations systems exactly as they are." *Id.* at 2485, n.27.[4] The government may choose to listen to a union while ignoring nonmembers without infringing upon the nonmembers' rights. *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 288 (1984).

Oliver is no longer a Union member, so she is no longer required to support the Union by paying agency fees. Nor is Oliver compelled to associate with the Union. That does not mean, however, that Oliver's employer, the Commonwealth of Pennsylvania, has any obligation to meet with or listen to her. The Commonwealth remains free to choose with whom it will negotiate and to recognize an exclusive bargaining

---

[4] All Circuits that have addressed this issue subsequent to the *Janus* decision have concluded that exclusive representation remains constitutional. *See Reisman v. Associated Facs. of Univ. of Me.*, 939 F.3d 409, 414 (1st Cir. 2019); *Bierman v. Dayton*, 900 F.3d 570, 574 (8th Cir. 2018); *Mantele v. Inslee*, 916 F.3d 783, 786–90 (9th Cir. 2019).

representative. By choosing to bargain only with the Union, and thereby ignoring Oliver, the Commonwealth is not violating either her free speech rights or free association rights.

The District Court correctly determined that the Union and Commonwealth defendants were entitled to judgment as a matter of law.

## V.

Because Oliver's challenge fails, we will affirm the judgment of the District Court.